[Civ. No. 2666.   Second Appellate District.—April 6, 1918.]

F. B. GABBERT, Petitioner, v. H. R. PERRY, City Clerk, etc., et al., Respondents.

ELECTIONS—INITIATIVE AND REFERENDUM PETITION—EXAMINATION OF RECORDS OF REGISTRATION—PERSONAL DUTY OF CITY CLERK.—Under the act providing for direct legislation by cities and towns, including the initiative and referendum, approved January 2, 1912 (Stats. Ex. Sess. 1911, p. 131), a city clerk is without authority to make any certificate concerning the sufficiency of an initiative petition until after he has personally examined the records of registration and by such examination ascertained whether or not such petition is signed by the requisite number of qualified electors, and he cannot delegate such duty to the county clerk.

ID.—SUPPLEMENTAL RETURN—IRRELEVANT MATTER.—On *certiorari* to review the action of a city clerk in certifying to the sufficiency of an initiative petition, a supplemental return setting forth a new certificate, made after the issuance of the writ, is irrelevant, and cannot be considered.

APPLICATION for a Writ of Certiorari originally made to the District Court of Appeal for the Second Appellate District to review the action of a city clerk in certifying to the sufficiency of an initiative petition.

The facts are stated in the opinion of the court.

Fredericks & Hanna, and Byron C. Hanna, for Petitioner.

W. J. Bailey, City Attorney, and S. W. Odell, for Respondents.

CONREY, P. J.—*Certiorari.*   This is a proceeding to review the action of the defendant city clerk of the city of Needles whereby on March 4, 1918, he certified to the sufficiency of an initiative petition by which the board of trustees of the city of Needles was petitioned to adopt an ordinance set forth in the petition, or to submit the question of adopting said ordinance to the qualified electors of the city of Needles at the general municipal election to be held in said city on the eighth day of April, 1918.   The proposed ordinance is an ordinance providing that the sale of intoxi-

cating liquors for beverages be prohibited in the city of Needles after the thirty-first day of December, 1918.

The proceedings initiated by said petition are governed by the provisions of an act entitled, "An act to provide for direct legislation by cities and towns, including initative and referendum," approved January 2, 1912. (Stats. Ex. Sess. 1911, p. 131, being Act No. 1624 of Deering's Gen. Laws.) In that statute it is provided that within ten days from the date of filing the petition, "the clerk shall examine, and from the records of registration, ascertain whether or not said petition is signed by the requisite number of qualified electors, and he shall attach to said petition his certificate showing the result of said examination." The clerk's return to the writ issued herein shows that the initiative petition was filed in his office on the twenty-seventh day of February, 1918; that he personally examined the petition and the signatures thereon and the affidavits thereto annexed; that on February 23, 1918, he sent the petition to L. R. Patty, county clerk at San Bernardino, California, together with a letter stating that "I am inclosing herewith a petition which I wish you would have checked in your office and return same by February 28th or March 1st, with any changes that may be necessary"; that the said L. R. Patty did thereupon make a comparison of the said petition with the affidavits of registration, known as the great register, in his office, and report the facts contained in the certificate signed by the defendant clerk and attached to the original initiative petition.

The statute requires that "if the petition shall be found to be sufficient, the clerk shall submit the same to the legislative body at its next regular session." It is manifest that the city clerk is without authority to make any certificate concerning the sufficiency of the petition until after he shall have examined the records of registration and by such examination ascertained whether or not said petition is signed by the requisite number of qualified electors. The duty imposed upon him involves an inquiry of a judicial nature. He cannot delegate this duty to the county clerk. The certificate cannot be made arbitrarily, but must be based upon the evidence obtained by the city clerk by making the examination required by the statute. Without taking the evidence, he has no jurisdiction to make the certificate.

In his supplemental return filed herein on April 5, 1918, the defendant clerk states that, on the fourth day of April, 1918, he personally took said petition to the office of the county clerk of San Bernardino County and personally examined and from the records of registration ascertained whether or not said petition was signed by the requisite number of qualified electors; and thereupon he has made a new certificate, dated April 4, 1918, which certificate is set forth in the supplemental return, and wherein he certifies that the petition was signed by the requisite number of qualified electors. The certificate thus made on April 4, 1918, is entirely irrelevant to the case now before us. The writ issued by this court is a writ issued for the purpose of testing the jurisdiction of the clerk to make the certificate made by him on March 4, 1918. With his actions subsequent to that date we are not concerned.

The said certificate of March 4, 1918, is annulled.

James, J., and Works, J., *pro tem.*, concurred.